UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:16CV1014 |
| | ) | 1:13CR378 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| ANTHONY PAUL MONTOY, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

On April 27, 2016, defendant Anthony Paul Montoy ("defendant" or "Montoy") moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Doc. No. 68 ["Mot."].)[1] Montoy argued that the Supreme Court's decision in *Johnson v. United States*, --U.S.--, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), should be applied to invalidate his sentence under the United States Sentencing Guidelines. In *Johnson*, the Supreme Court held that the "residual clause" of the Armed Career Criminal Act ("ACCA"), which provided, in relevant part, for a mandatory minimum sentence of 15 years imprisonment for felony offenders with three or more prior convictions for "violent felonies" was unconstitutionally vague under due process principles. *Id*. at 2556-57. In his motion to vacate his sentence, defendant argued that the ruling in *Johnson* should apply with equal force to a similar provision in the Sentencing Guidelines that he represents was "used to erroneously increase his sentence." (Mot. at 353.)

On March 6, 2017, the Supreme Court issued its decision in *Beckles v. United States*, distinguishing the ACCA's unconstitutionally vague residual clause from the residual clause in

---

[1] The United States of America filed a response in opposition to the motion. (Doc. No. 71.)

the Sentencing Guidelines. *Beckles v. United States*, --S. Ct.--, 2007 WL 855781 (Mar. 6, 2017). Given the discretionary nature of the Sentencing Guidelines, the Court held that the ruling in *Johnson* could not be extended to invalidate sentences under the guidelines and that, therefore, the residual clause of U.S.S.G. § 4B1.2(a) was not void for vagueness. *Id*. at *11. This ruling forecloses defendant's motion under 28 U.S.C. § 2255, and the motion is, therefore, denied. In light of the ruling in *Beckles*, this Court need not reach the government's argument that defendant was not sentenced under the guidelines residual clause, and that the only enhancement defendant received at sentence was a "Title 851 prior felony drug conviction enhancement, that triggers no Johnson issues."[2] (Doc. No. 71 (Government Response ["Res."]).)

For all of the foregoing reasons, defendant's § 2255 motion (Doc. No. 68) is denied. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: April 3, 2017

                                                        **HONORABLE SARA LIOI**
                                                        **UNITED STATES DISTRICT JUDGE**

---

[2] Under either theory, defendant's § 2255 motion is also denied as time-barred. On October 23, 2013, defendant, pursuant to a plea agreement, pleaded guilty to Counts 1 and 2 of the indictment. On January 28, 2014, the Court sentenced defendant to an aggregate term of imprisonment of 133 months. Defendant did not appeal his sentence. On November 13, 2015, Defendant's sentence was reduced to an aggregate term of imprisonment of 120 months. Defendant did not appeal from the amended judgment. Defendant's motion to vacate was not filed until April 27, 2017 and, without retroactive application of the ruling in *Johnson*, his motion is untimely. *See* 28 U.S.C. § 2255(f) (providing a one-year statute of limitations for motions to vacate, set aside, or correct a sentence).